IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**KEITH I. GLENN,**

    **Movant,**

v.                                                           **Case No. 2:17-cv-02740**
                                                                **Case No. 2:13-cr-00091-5**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the Movant Keith I. Glenn's (hereinafter "Defendant") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 867).

**RELEVANT PROCEDURAL HISTORY**

### A. Defendant's criminal proceedings.

Defendant was charged with various offenses that were part of a conspiracy to commit armed robberies of suspected drug dealers. Throughout his criminal proceedings, Defendant was represented by court-appointed counsel, Deirdre H. Purdy ("Purdy"). On October 8, 2013, Defendant pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm and ammunition, in

violation of 18 U.S.C. §§ 922(g) and 924(a)(2), as set forth in Count Eight of a Second Superseding Indictment (ECF No. 187). On February 11, 2015, the remaining charges against Defendant were dismissed and he was sentenced to 110 months in prison, a three-year term of supervised release, and a $100 special assessment. (ECF No. 680, 695).

In arriving at Defendant's sentence, the district court calculated the applicable guideline range of 28 under section 2K2.1 of the United States Sentencing Guidelines (hereinafter "guidelines" or "USSG"). However, pursuant to USSG §§ 2K.2.1(e) and 2X1.1(a) and (c), the district court then applied a cross-reference to USSG § 2B3.1 for the underlying substantive offense of robbery. With adjustments for certain applicable facts surrounding the use of the firearm and other specific offense characteristics, and reductions for acceptance of responsibility and substantial assistance, the district court arrived at a total offense level of 28. (ECF No. 776 at 33).[1]

As set forth in the PSR, the district court determined that Defendant had seven criminal history points, placing him in a criminal history category of IV. (ECF No. 691 at 31-33; ECF No. 776 at 33). This calculation consisted of one point, under USSG § 4A1.1(c), for a 2003 conviction for obstruction of justice, for which Defendant received a six-month suspended sentence. (ECF No. 691 at 31, ¶ 159). Defendant also received one point under USSG § 4A1.1(c) for a 2004 conviction for assault and battery, for which he was assessed a fine and court costs but served no period of incarceration. (*Id.*, ¶ 160). Defendant was also assessed three points, pursuant to USSG § 4A1.1(a), for a 2004 conviction for robbery to which he was sentenced to 25 years, with 18 years suspended. (*Id.*, ¶ 161). Pursuant to USSG § 4A1.1(d), two more points were added because Defendant committed the instant

---

[1] This calculation differs from that proposed by the probation officer in the Presentence Investigation Report ("PSR") because the district court departed downward under USSG 5K1.1 upon motion of the government. Accordingly, the undersigned cites only to the sentencing hearing transcript.

offense while he was serving a term of probation. (*Id.*, ¶ 163; s*ee also* ECF No. 776 at 33). The parties did not object to the guideline calculations. (*Id.*) Defendant did not appeal his conviction or sentence.[2]

### B. Defendant's section 2255 motions.

On February 8, 2016, Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 789). However, he ultimately moved to withdraw that motion, which was granted on May 24, 2017. (ECF Nos. 864, 872).[3]

On May 5, 2017, Defendant filed the instant § 2255 motion. (ECF No. 867). In Ground One of the motion, Defendant asserts that his sentence was procedurally and substantively unreasonable and that Purdy provided ineffective assistance of counsel because she failed to object to the allegedly incorrect application of the robbery cross-reference, a two-level enhancement for physical restraint of a victim, and Defendant's criminal history point calculation. (*Id.* at 1-2). Ground Two of Defendant's motion asserts that, in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the assessment of any criminal history points under USSG § 4A1.1 for his prior convictions for obstruction of justice, assault and battery, and robbery was improper. (*Id.* at 3). Finally, in Ground Three of the motion, Defendant contends that he is entitled to sentencing relief pursuant to the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017).

---

[2] Defendant's plea agreement contained a waiver provision that waived any appeal of his sentence unless it exceeded the statutory maximum sentence of 10 years. (ECF No. 291 at 4). The plea agreement also waived any collateral attack unless based upon a claim of ineffective assistance of counsel. (*Id.* at 5).

[3] In light of the withdrawal of Defendant's first § 2255 motion prior to a ruling on the merits, the instant motion, which should have been treated as an amendment to the first motion, should not be considered a second or successive § 2255 motion. *See, e.g., Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999); *Clark v. United States*, 764 F.3d 653, 658-60 (6th Cir. 2014).

Because it is apparent from the face of the Defendant's motion that he is not entitled to any relief under § 2255, and that summary dismissal thereof is appropriate, the undersigned has not ordered Respondent to respond to the motion.

## ANALYSIS

**A.    Defendant's ineffective assistance of counsel claim.**

Defendant asserts that Purdy provided ineffective assistance of counsel because she failed to object to the application of the robbery cross-reference and a two-level enhancement for the physical restraint of a victim in the calculation of Defendant's guideline level and further failed to challenge the assessment of his criminal history points. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court adopted a two-pronged test to demonstrate a violation of the right to effective assistance of counsel guaranteed by the Sixth Amendment. The first prong is competence; Defendant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was within the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The question is whether counsel made errors so fundamental that counsel was not functioning

as the counsel guaranteed by the Sixth Amendment." *Id.* at 88.  The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the instant matter, Defendant's motion fails to provide any details concerning the bases of his claimed guideline calculation errors.  Nonetheless, a review of the PSR and evidence of record demonstrates that the cross-reference in USSG §§ 2X1.1 was properly applied to derive Defendant's ultimate guideline calculation under USSG § 2B3.1 because he used the illegally-possessed firearm in the course of a robbery conspiracy, and that calculation was two levels greater than that under USSG § 2K2.1.  In reaching that guideline level, the district court also properly applied a two-level enhancement for physical restraint of a victim based upon Defendant's stipulation in his plea agreement that the victims were restrained by "zip-ties."  (ECF No. 291 at 9).

Furthermore, Defendant's prior convictions of obstruction of justice and assault and battery were proper qualifying convictions under USSG § 4A1.1(c) and his prior robbery conviction was a proper qualifying conviction under USSG § 4A.1.1(a). Accordingly, his criminal history points were appropriately calculated.

Thus, there were no actual errors in Defendant's guideline calculations to which Purdy should have objected.  Moreover, the district court ultimately granted the government's motion under USSG § 5K1.1 and departed downward to a guideline level 28.  Therefore, Defendant is not serving a sentence affected by the challenged provisions. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that

Defendant has not established that Purdy's conduct fell below an objective standard of reasonableness and Defendant cannot satisfy the first prong of *Strickland*.

Moreover, because Defendant was sentenced under an advisory guideline scheme, any error in his guideline calculation would not result in a fundamental defect entitling him to resentencing. In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit concluded that a claim that a defendant was misclassified as a career offender under the advisory guidelines was not cognizable under § 2255. 784 F.3d at 932. The court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. *Id*. at 940, 944.

Similarly, any error in the calculation of Defendant's advisory guideline sentence is not a fundamental error justifying resentencing, and Defendant cannot show prejudice from Purdy's failure to object to the sentencing calculations and, thus, he cannot meet the second prong of *Strickland*. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to any collateral relief on his claim of ineffective assistance of counsel.

      **B.**    **Defendant's other claims for relief.**

Because Defendant's other claims for relief in his § 2255 motion do not assert claims of ineffective assistance of counsel, they are barred by the collateral attack waiver

6

contained in Defendant's plea agreement. Nevertheless, those claims also fail on the merits.

To the extent that Defendant has asserted that use of his prior convictions to calculate his criminal history category was improper in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), Defendant's reliance on *Mathis* is misplaced under the circumstances. In *Mathis*, the Supreme Court clarified prior authority concerning the proper application of the categorical and modified categorical approaches to determine whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act.

Defendant has not argued in any detail how he believes the principles in *Mathis* affect his guideline calculations and the undersigned sees no apparent application thereof to Defendant's case. Nonetheless, to the extent that he is attempting to rely on *Mathis,* it has not been determined to apply retroactively on collateral review. The Fourth Circuit has specifically found that

> *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements.

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); s*ee also Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D. W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because *Mathis* does not apply retroactively).

Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review." *Adams*, 2019 WL 3428549, at *2. In fact, in *United States v.*

7

*Hemingway*, 734 F.3d 323, 329 (4th Cir. 2013), the Court recognized that *Descamps* "underscored the validity of the divisibility analysis that our Court had already employed." *See also Kane v. United States*, No. 1:19-cv-238-MR, 2020 WL 1848062, *3 (W.D.N.C. Apr. 13, 2020) (dismissing § 2241 petition based upon *Descamps* and *Mathis* finding that such decisions do not represent a substantive change in law). Therefore, Defendant's *Mathis* claim does not entitle him to any relief under § 2255.

Likewise, Defendant's claim under *Dean v. United* States, 137 S. Ct. 1170 (2017), lacks merit. In *Dean*, the Supreme Court addressed the district court's discretion to consider the imposition of a consecutive mandatory minimum sentence for a 924(c) offense when imposing sentences for other crimes of conviction in a multi-count sentencing. Defendant, however, was not convicted of a § 924(c) offense and was sentenced based upon a single conviction under § 922(g). Thus, Dean has no application to his case.

Moreover, as noted above, because this claim is not raised as a claim of ineffective assistance of counsel, it is barred from review by Defendant's plea agreement. Furthermore, even if Defendant could properly assert his claim under *Dean*, it has not been made retroactive on collateral review and does not entitle him to any relief under § 2255.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 867) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the opposing party and Judge Volk.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Defendant and to transmit a copy to counsel of record.

June 1, 2020

Dwane L. Tinsley
United States Magistrate Judge

9